31 C.C.P.A. (Patents)

## In re MARTIN.
### Patent Appeal No. 4893.

Court of Customs and Patent Appeals.
April 4, 1944.

Harold W. Mattingly, of Los Angeles, Cal. (Raymond Jones, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

Appellant here seeks review and reversal of the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of two claims, numbered 13 and 14, respectively, embraced in an application relating to method and apparatus for making valve bodies. Both appealed claims are for the method. They read:

"13. The method of manufacturing a valve body having a valve chamber bore therein communicating with a fluid port bore which consists in drilling pilot bores in said body at the desired location of said fluid port bore and said valve chamber bore, and inserting in said pilot bores a boring tool having a cutting element thereon and then employing said tool to enlarge inwardly spaced portions of said pilot bores sufficiently to intersect each other.

"14. The method of manufacturing a valve body having a valve chamber bore therein communicating with a fluid port bore extended parallel to said valve chamber bore which consists in drilling parallelly disposed pilot bores into said body from one face thereof at the desired location of said valve chamber bore and said fluid port bore, and inserting in said pilot bores a boring tool having a cutting element thereon and employing said tool to laterally enlarge inwardly spaced portions of said pilot bores sufficiently to intersect each other."

One method claim numbered 15 appears to stand allowed, but Nos. 13 and 14 were rejected as lacking invention over the prior art, the references cited being the following patents: Gray et al., 1,858,927, May 17, 1932; Woodcock, 2,182,770, Dec. 5, 1939; Duvall, 752,211, Feb. 16, 1904.

In the brief on behalf of appellant (who submitted the case to us on brief without oral argument) it is stated, in substance, that the alleged invention is directed particularly to a method of manufacturing valve bodies such as are used on aircraft for controlling the raising and lowering of the landing gear, the opening and closing of bomb bay doors and similar mechanical operations, and an advantage over the prior art is alleged to be that by appellant's method an intercommunication between bores in the valve body is obtained which "effects a great saving in size and weight as compared with the prior constructions." This matter is also emphasized in the specification of the application, but it is noted that the appeal claims do not call for any particular valve body for any special purpose. The concluding paragraphs of the specification read:

"While I have, in the foregoing, described the method of my invention as practised in the manufacture of a particular type of valve such as that disclosed in my aforementioned copending application, it will be readily apparent to those skilled in the art that the same novel methods and principles may be applied to the manufacture of valve bodies of various types and in fact may be applied to the forming of bores having enlargements and recesses in metal parts of various descriptions.

"While I have shown and described the preferred embodiment of my invention, I

do not desire to be limited to any of the details of construction shown or described herein, except as defined in the appended claims."

Obviously, the controversy here must be decided upon the basis of the phraseology of the appealed claims which claims constitute the measure of the alleged invention.

Appellant's brief states:

"Appellant's invention is simple. He achieves the desired new results by the simple expedient of providing enlargements in both of the two bores which are to be interconnected, the enlargements being of such size and so located as to intersect each other."

It may be said here that the patents to Duvall and Woodcock were cited by the examiner only to show that "The use of cutting tools with radially extending portions for enlarging a bore are [sic] conventional in the art," and no issue respecting this is presented in appellant's reasons of appeal, nor is either of those patents referred to in appellant's brief.

In this statement following the appeal to the board the examiner gave a description of appellant's method and that of Gray et al. which (omitting the numerals and, for clarity, inserting certain words in brackets) we here quote:

"The subject matter claimed relates to a method of forming a valve body. The claims set forth the steps of establishing communication between the valve chamber bore * * * and a fluid port bore * * *. In the body * * * two pilot bores * * * are drilled. While three bores are shown, the claims are commensurate in scope with the drilling of only two bores. A cutting tool with an enlarged end is used to enlarge a portion of the [fluid port] bore * * *. A cutting tool is also inserted in the [valve chamber] bore * * * and enlarges same * * *. These enlarged portions * * * intersect each other and thus establish communication between the two ports.

"The patent to Gray * * * shows a valve body with two bores * * * drilled therein. The [one] bore * * * is enlarged * * * by machining, to establish communication with the [other] bore * * *. These steps are carried out by drilling and cutting tools * * *."

Respecting the differences and the reasons for his ruling the examiner said:

"The essential distinction over Gray resides in the enlargements of both bores rather than the enlargement of one bore as exemplified by Gray * * *. While this difference in procedure does exist, it is not seen, nor is it stated, how any patentable advantages are effected. The enlargement of one bore as in Gray does establish communication between the bores. This result (the establishment of communication between the bores) is the same as the result achieved by applicant. It was held that a mere variation in structure or procedure that is unproductive of any new results is not a matter of invention.

"To enlarge both of Gray's bores in intersecting relation rather than to enlarge one bore, is deemed to be a variation within the scope of mere mechanical skill.

"The limitation in Claim 14 * * * relative to the drilling of the bores from one face of the body, relates to the desired characteristic of the finished article and appears to add no further patentable novelty to the claim.

"It is the opinion of the examiner that Claims 13 and 14 define but a colorable variation over Gray, and that such a variation is not a result of inventive ingenuity."

The board approved the finding of the examiner for the reasons expressed by him and added nothing of a descriptive character.

Appellant's brief in addition to emphasizing the matter of size and weight alleges other results such as a substantial increase in strength over the Gray et al. device, and a reduction in resistance to flow of fluid through the valve, and asserts:

"The mere fact that Claims 13 and 14 define a different method from that which is shown in the Gray patent, taken with the new and advantageous results which are the direct and proximate result of the differences between the claimed method and that shown in Gray should be sufficient to establish the patentability of the appealed claims. It is well established that where a new method or a new combination of mechanical elements operate to produce new and advantageous results which are not produced by the references upon which the claims are rejected, the claims define invention and are patentable."

 Conceding that advantageous results are secured by appellant's process such results must involve more than the

skill of the art to render the claims patentable.

 We concur with the tribunals of the Patent Office in the conclusion that the differences in the operation of appellant's and Gray et al.'s processes fall within the realm of mechanical skill, and that appellant cannot be credited with invention.

The decision of the board is, therefore, affirmed.

Affirmed.